UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br>Daryl Wayne Markette and<br>Anna Louise Markette,<br><br>      *Debtor(s)*. | Case No:   17-01841<br>Chapter:   13 |
| Daryl Wayne Markette,<br><br>      *Plaintiff(s)*,<br><br>v.<br><br>ThunderRoad Financial, LLC,<br><br>      *Defendant(s)*. | AP No. |

**COMPLAINT IN ADVERSARY PROCEEDING**

    **COMES NOW** Plaintiff, Daryl Wayne Markette, by and through the undersigned counsel, and in response to *Proof of Claim* number 9 filed by Defendant, ThunderRoad Financial, LLC, submits a defensive counterclaim for recoupment and attorney's fees and costs, and additionally, a claim to limit and/or reduce the amount of Defendant's claim to the amount set forth within the contract, stating as follows:

**INTRODUCTION**

1.    Plaintiff presents the defensive counterclaim herein, which is based upon a consumer credit agreement with ThunderRoad Financial, LLC, for the relief of recoupment pursuant to

1

Rules 3007, 3008 and 7001, Fed. R. Bankr. P., and further pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §1602, *et seq.* Further, Plaintiff presents a claim herein to limit or reduce ThunderRoad Financial, LLC's claim to that amount set forth within the original contract to this transaction.

**JURISDICTION**

2. Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), the Bankruptcy Rules 3007, 3008 (as applicable) and 7001, this Honorable Court has jurisdiction of the claims within this adversary proceeding.

3. In addition, pursuant to 28 U.S.C. § 1334(e), this Honorable Court has jurisdiction because the claims herein constitute property of the bankruptcy estate as the TILA claim is actionable pursuant to the statutory recoupment provisions in 15 U.S.C. § 1640(e), and further pursuant to Bankruptcy Rule 7018.

4. Pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

5. This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

**PARTIES**

2. Plaintiff, Daryl Wayne Markette, is a natural person, resides within the jurisdiction territory of the United States Bankruptcy Court for the Southern District of Alabama, and is a debtor in the underlying bankruptcy case.

3. Defendant, ThunderRoad Financial, LLC, is a foreign limited liability company, has a principal place of business in Las Vegas, Nevada, is in the business of lending money to consumers, and is a creditor in the underlying bankruptcy case.

## COUNT ONE – TRUTH IN LENDING ACT OF 15 U.S.C. § 1601, *et seq.*

4. Plaintiff incorporates by reference herein each of the foregoing paragraphs.

5. TILA was enacted by Congress in 1968 to require accuracy and uniformity of credit-related disclosures to encourage fair competition between lenders in the marketplace, thereby enabling consumers to easily compare terms of financing. Creditors must accurately disclose the amount financed (15 U.S.C. § 1638(a)(2)(A)), the consumer's right to obtain a written itemization of the amount financed (15 U.S.C. § 1638(a)(2)(B)), the finance charge (15 U.S.C. § 1638(a)(3)), the finance charge expressed as an annual percentage rate (15 U.S.C. § 1638(a)(4)), the sum of the amount financed and the finance charge, which shall be identified as the total of payments (15 U.S.C. § 1638(a)(5)), the number, amount and due dates of periodic payments (15 U.S.C. § 1638(a)(6)), and other items pertinent to credit transactions. *See* 15 U.S.C. § 1638.

6. On May 17, 2017, Plaintiff and his wife filed a joint *Voluntary Petition* and accompanying documents (collectively, the "Petition") under Chapter 13, Title 11, of the United States Code, more specifically identified as case number 17-01841 ("Bankruptcy Case").

7. On July 3, 2017, ThunderRoad Financial, LLC filed an secured *Proof of Claim* (Claim 9; "Claim") in the amount of $14,991.67 for a debt identified as "Retail Installment contract and title" in the underlying bankruptcy case. As noted herein below, ThunderRoad Financial, LLC submitted documents in support of the Claim.

8. At all times relevant hereto, ThunderRoad Financial, LLC, in the ordinary course of its business, regularly extended, offered to extend, arranged for the extension of, or offered to arrange for the extension of consumer credit for which a finance charge was imposed, and is a Creditor as said term is defined by TILA and Regulation Z. Further, ThunderRoad Financial,

3

LLC is an assignee of the consumer credit contract between Plaintiff and Harley Davidson of Montgomery, as the term "assignee" is defined by TILA and interpretive case law.

9. On or around April 14, 2016, Plaintiff and Harley Davidson of Montgomery executed a consumer credit contract, *i.e.* a Retail Installment Contract and Security Agreement ("Contract"), through which a finance charge was imposed. A copy of the Contract is attached to the Claim filed in the Bankruptcy Case. Upon information and belief, the only Truth in Lending disclosure statement provided by Harley Davidson of Montgomery is within the Contract.

10. As set forth within the Contract submitted in support of the Claim, Harley Davidson of Montgomery made the following disclosures pursuant to the consumer credit contract:

    a. Amount Financed – **$16.92**;

    b. Finance Charge – **$24,443.64**;

    c. Annual Percentage Rate – **12.99%**; and

    d. Total of Payments - **$24,460.5.**

11. Based upon the "Amount Financed" as set forth in the Contract, the actuarial APR for the subject extension of credit is **24094.33%**. ThunderRoad Financial, LLC understated the APR by more than the permissible tolerance and/or by **24081.34%**.

12. ThunderRoad Financial, LLC failed to accurately disclose the amount financed, in violation of 15 U.S.C. § 1638(a)(2)(A).

13. ThunderRoad Financial, LLC failed to accurately disclose the finance charge, in violation of 15 U.S.C. § 1638(a)(3).

14. ThunderRoad Financial, LLC failed to accurately disclose the sum of the amount financed and the finance charge, which shall be identified as the total of payments, in violation of 15 U.S.C. § 1638(a)(5).

4

Case 17-00083    Doc 1    Filed 09/19/17    Entered 09/19/17 12:05:36    Desc Main
Document    Page 4 of 6

15.     ThunderRoad Financial, LLC failures to disclose trigger liability for the statutory penalties set forth within 15 U.S.C. § 1640(a), plus costs and attorney's fees.

16.     The violations, as set forth herein above, are apparent on the face of the Contract that was assigned to ThunderRoad Financial, LLC.  Consequently, ThunderRoad Financial, LLC, as the assignee of the Contract, is liable to Plaintiff as set forth herein.

## COUNT TWO – CLAIM REDUCTION AND/OR LIMITATION

17.     Plaintiff incorporates by reference herein each of the foregoing paragraphs.

18.     As set forth herein above, the Contract states that the Amount Financed is $16.92.

19.     The Contract was consummated between Plaintiff and Harley Davidson of Montgomery, the assignor, in April 2016.  Based upon information and belief, the Contract has not been modified, revised or reformed.

20.     Plaintiff hereby moves this Honorable Court to limit or reduce the amount of the Claim to $16.92 and/or to that amount set forth within the Contract.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff respectfully requests this Honorable Court for an *Order*, *inter alia*:

   a.   awarding to Plaintiff and against ThunderRoad Financial, LLC actual damages and/or statutory damages pursuant to 15 U.S.C. § 1640(a) by virtue of recoupment to reduce or offset the Claim, plus costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1640(a);

   b.   limiting and/or reducing the Claim to the amount of $16.92 being the "Amount Financed" as set forth within the Contract; and

5

Case 17-00083    Doc 1    Filed 09/19/17    Entered 09/19/17 12:05:36    Desc Main
Document      Page 5 of 6

c. awarding to Plaintiff such other and further relief as this Honorable Court deems just and appropriate, including the equitable relief requested herein.

**RESPECTFULLY SUBMITTED** this September 19, 2017.

/s/ Anthony B. Bush
Anthony B. Bush (ASB-7306-A54B)
Attorney for Plaintiff/Debtor

OF COUNSEL:
The Bush Law Firm, LLC
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone: (334) 263-7733
Facsimile: (334) 832-4390
E-mail: anthonybbush@yahoo.com
abush@bushlegalfirm.com

SERVICE ADDRESS:

ThunderRoad Financial, LLC

c/o Corporate Direct, Inc.

2248 Meridian Boulevard, Suite H

Minden, Nevada 89423